UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALFASIGMA USA, INC.**                         CIVIL ACTION

**VERSUS**                                      NO:     17-07753

**EBM MEDICAL, LLC, ET AL.**                    SECTION: "B" (4)

ORDER

Before the Court is the Plaintiff's **Motion to Compel Individual Defendants to Respond to Discovery (R. Doc. 37)**. The motion is opposed. R. Doc. 38. Oral argument was heard on March 28, 2018.

**I.    Background**

The instant action was filed by the Plaintiff, Alfasigma USA, Inc., against EBM Medical, LLC and Food for Health International, LLC ("Corporate Defendants") and seven individuals ("Individual Defendants"). R. Doc. 1. The Plaintiff alleges false advertising and unfair competition under the Lanham Act and Louisiana Unfair Trade Practices and Consumer Protection Law, misappropriation of trade secrets in violation of the Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act, breach of contract, and tortious interference with business relations. *Id.* at p. 7.

The Plaintiff states that it is a pharmaceutical company which specializes in the development, marketing, and sales of medical foods. *Id.* at p. 8. According to the Plaintiff, it uses a patented crystalline form of L-methylfolate in all of its products, which it manufactures in compliance with all FDA requirements. *Id.* at pp. 8-9. Further, it states that it has invested considerable time and money in creating proprietary financial, business, scientific, technical, and economic information concerning its products, including supporting clinical studies. *Id.* at p. 9. The Plaintiff states that it markets its food products directly to physicians and has compiled

information as to which physicians prescribe medical foods and has spent millions of dollars in assisting itself in identifying and educating these physicians. The Plaintiff states that it purchases proprietary information concerning the prescribing habits of health care providers from third-parties under a duty of confidentiality and at considerable expense. *Id.* at p. 10. The Plaintiff alleges that this information is competitively valuable, constitutes trade secrets, and is kept confidential by and within Alfasigma where all employees, including the Individual Defendants, are required to execute confidentiality agreements. *Id.*

The Plaintiff alleges misappropriation of trade secrets under both federal and state law against both the Corporate Defendants and Individual Defendants. *Id.* at pp. 20-22. The Plaintiff alleges that the Corporate Defendants wrongfully acquired trade secrets by inducing the Individual Defendants, all former employees, to breach obligations of confidentiality. *Id.* The Plaintiff alleges that the Individual Defendants breached their contracts when they disclosed confidential information to the Corporate Defendants causing damages. *Id.* at pp. 22-23. The Plaintiff also alleges that Corporate Defendants violated the Lanham Act's prohibition on false advertising by claiming their products are the same formulation and ingredients of the Plaintiff's products, but cheaper in price. *Id.* at pp. 23-26. The Plaintiff also alleges unfair trade practices and competition under state and federal law against the Corporate Defendants for the false and misleading statements made regarding their product. *Id.* at pp. 26-29. Next, the Plaintiff alleges that tortious conduct makes the Corporate Defendants solidarily liable under Louisiana law. *Id.* at p. 29. Finally, the Plaintiff alleges tortious interference with business relations against the Corporate Defendants for offering bribes and kick-backs to physicians. *Id.* at pp. 29-30.

The instant motion was filed by the Plaintiff seeking an order compelling the Individual Defendants to respond to the Plaintiff's First Request for Production of Documents within seven

days and an award of attorney's fees associated with preparing and filing the motion. R. Doc. 37. The Plaintiff states that on December 21, 2018, Plaintiff propounded its discovery requests on the Individual Defendants. R. Doc. 37-1, p. 1. Plaintiff argues that timely responses were not provided and on February 21, 2018 the parties conferred and counsel for the Individual Defendants represented he would begin collecting documents. *Id.* at p. 2. The Plaintiff states that on March 5, 2018, the Individual Defendants served objections, the parties conferred the next day, and counsel for the Individual Defendants stated documents would not be produced based on a pending motion to stay discovery. *Id.* The Plaintiff argues that the motion to stay discovery was filed on January 22, 2018, to allow additional time for the resolution of the Corporate Defendants' motion to dismiss. Further, the Plaintiff states the Corporate Defendants have responded to the Plaintiff's discovery requests. The Plaintiff contends that the Individual Defendants have waived any objection to producing responsive documents and have impermissibly granted their own motion to stay. *Id.* at pp. 2-3.

The motion is opposed. R. Doc. 38. The Individual Defendants argue that on January 22, 2018, the day discovery responses were due, all the Defendants jointly filed a motion to amend the scheduling order and stay discovery pending the District Court's disposition of the Corporate Defendants' motion to dismiss. *Id.* at p. 2. The Individual Defendants argue that the motion to dismiss could moot or alter the scope of discovery as to all Defendants and if granted will affect allegations against the Individual Defendants, including the filing of a Rule 12(c) motion for judgment on the pleadings. *Id.* at pp. 2-3. The Individual Defendants argue that because the motion to stay was filed on the date discovery responses were due they have not waived their objections, nor should they be compelled to respond. *Id.* at pp. 3-4.  The Individual Defendants argue that the case law does not support the Plaintiff's motion and that requiring the Individual Defendants to

respond at this juncture would cause unnecessary cost and burdens. *Id.* at p. 7. Further, they argue that should the Court grant the motion then an award of attorney's fees should be denied as the Individual Defendants were substantially justified in declining to produce documents because of the pending motions. *Id.*

## II. **Standard of Review**

Discovery of documents, electronically stored information, and tangible things is governed by Rule 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a)(1). Rules 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged.  Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered."  Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

If a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id.*

### III.   Analysis

A review of the motion indicates that the same seven Requests for Production ("RFP") were propounded on each Individual Defendant. The Requests for Production that were propounded on the Individual Defendants sought: (a) documents concerning their ownership interests and employment relationship with EBM; (b) contracts and agreements with Alfasigma and documents concerning their termination from Alfasigma; and (c) communcations with specified other persons and communcations involving Alfasigma or its products. *See* R. Doc. 37-5, pp. 4-7.

Each Individual Defendant responded the same way to each RFP. Every response states, "Respondent objects to this Request for Production on the grounds that discovery is premature, as set forth extensively in Defendants' Motion to Amend Scheduling Order and Temporarily Stay Discovery." *See id.* The Individual Defendants also asserted additional variations of objections to each RFP including that what it requested was irrelevant, documents would only be disclosed after

the entry of a protective order, was overly broad, unduly burdensome, or is protected from disclosure by attorney-client or work product privilege.

At the crux of the dispute is whether the filing of the motion to stay discovery on January 22, 2018, the same day the Individual Defendants' discovery responses were due, shields them from an order of production and means that they did not waive their objections to the discovery requests. During oral argument that motion was still pending before the District Court, however, on April 3, 2018 the District Court denied the motion to stay discovery. R. Doc. 49.

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989). This rule applies with equal force to both interrogatories under Federal Rule of Civil Procedure 33 and Requests for Production of Documents under Federal Rule of Civil Procedure 34. *B&S Equip. Co., Inc., v. Truckla Services, Inc.*, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011). "Further, the Fifth Circuit has held that conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient to voice a successful objection to an interrogatory or request for production." *Tadlock v. Artic Cat Sales, Inc.*, No. 15-766, 2017 WL 1032516, at *8 (M.D. La. Mar. 17, 2017) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Additionally, this requirement for a meaningful responses is underscored in connection with a motion to compel under Federal Rule of Civil Procedure 37(a)(4), which states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

The Court finds that discovery responses were due on January 22, 2018. Federal Rule of Civil Procedure 34 requires that responses are due within 30 days and, therefore, the Individual Defendants were obligated to respond by January 22, 2018. However, responses were not served

until March 5, 2018. On the March 5, 2018 date the Individual Defendants objected to the production due to the pending motion to stay.

The Court first notes that the pending motion to dismiss used as the basis for the motion to stay discovery was filed by the Corporate Defendants and not the Individual Defendants. The argument that because the Corporate Defendants filed a motion dismiss it should relieve the Individual Defendants from their discovery obligations is not persuasive. Second, on April 3, 2018, the District Court denied the motion to stay discovery. R. Doc. 49.

The Court grants the motion to compel and finds that the Individual Defendants shall respond to the discovery requests in the instant matter no later than seven (7) days from the signing of this order.[1]

In addition, the Court finds that any objections by the Individual Defendants based on the motion to stay or due to lack of a protective order are hereby overruled as the District Court has denied the motion to stay and a protective order has now been entered in the case. The Court notes all further responses should comply with the Federal Rules of Civil Procedure.

The Court finds that circumstances do not make an award of attorney's fees and expenses unjust, nor does the Court finds that the failure to provide substantive responses was substantially justified. As such, the Court grants the motion with respect to the request for attorney's fees.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Individual Defendants to Respond to Discovery (R. Doc. 37)** is **GRANTED.**

---

[1] This order does not impact the Corporate Defendants because their responses to discovery requests was not raised in the motion.

**IT IS FURTHER ORDERED** that the Individual Defendants shall respond to the Plaintiff's First Request for Production **no later than seven (7) days** from the signing of this order.

**IT IS FURTHER ORDERED** that the Plaintiff shall file a motion to fix attorney's fees into the record by May 2, 2018, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than May 9, 2018. Plaintiff shall notice the motion to fix attorney's fees for hearing on Wednesday, May 16, 2018, and the motion shall be heard on that date <u>without oral argument</u>.

New Orleans, Louisiana, this 13<u>th</u> day of April 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**