UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFASIGMA USA, INC.** | **CIVIL ACTION** |
| **V.** | **NO. 17-CV-07753** |
| **EBM MEDICAL, LLC; ET AL.** | **SECTION: "B" (4)** |

**PLAINTIFF ALFASIGMA USA INC.'S MEMORANDUM
IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

Alfasigma USA, Inc. ("Alfasigma" or "Plaintiff") submits this memorandum in support of its Motion for Attorney's Fees, and would show the court as follows:

1. During the March 28, 2018 hearing, the Court granted Plaintiff's motion to compel and directed Plaintiff to submit its fee and expense request to the Court. This request is hereby submitted in compliance with the Court's order.

2. Plaintiff requests an award of attorney's fees in the amounts of $8,128.00 (Norton Rose Fulbright US LLP's attorney's fees) and $600 (Chaffe McCall's attorney's fees) for a total award of $8,728.00 relating to Plaintiff's efforts to compel Defendants Zachary T. Heard, IV, Jason W. Tomlinson, Richard Wickline, Jeffrey M. Romano, Stephen A. Smith, Brendan Costello, and Russell V. Edwards' (collectively, "Individual Defendants") compliance with their discovery obligations. Supporting documentation is provided. *See* **Exhibit 1** (Invoice Summary) and **Exhibit 2** (redacted invoices billed to Alfasigma for services performed in this matter) to the **Affidavit of Saul Perloff** ("Perloff Affidavit"). This documentation includes redacted copies of the invoices Plaintiff's counsel submitted to Plaintiff (Exhibit 2), and a spreadsheet showing the specific time entries reflected in those invoices for which Plaintiff seeks recovery (Exhibit 1). *See also* **Exhibit 1** (Billing Summary) and **Exhibit 2** (redacted matter report for invoices billed to

Alfasigma for services performed in this matter) to the **Affidavit of Robert S. Rooth** ("Rooth Affidavit").

    3.    Plaintiff seeks recovery of fees incurred in connection with:

        a.    multiple conferences with the Individual Defendants' counsel regarding the sought-after, and ultimately compelled, discovery;

        b.    preparing correspondence to the Individual Defendants' counsel concerning Defendant's failure to respond to written discovery after committing to do so; and

        c.    preparing the motion to compel itself and the reply in support thereof, and attending the hearing on same.

*See* Perloff Affidavit at ¶ 5; Rooth Affidavit at ¶ 5.

    4.    The amount sought by Alfasigma is reasonable, and represents an approximate 25% discount from the amount actually charged to Alfasigma by Norton Rose Fulbright US LLP. When deciding an award of attorney's fee, district courts in the Fifth Circuit use the lodestar method, which is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Tollett v. City of Kemah.*, 285 F.3d 357, 367 (5th Cir. 2002) (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). After performing the initial lodestar calculation, the Court may consider other "reasonableness" factors, including the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal service properly, the fee customarily charged in the locality for similar legal services, the amount involved, and the result obtained. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)).

    5.    In this case, the lodestar calculation and accompanying factors support Alfasigma's request. The amount of time Alfasigma's counsel expended addressing the Individual Defendants'

failure to respond to discovery is reasonable and the rates charged by Alfasigma's counsel are consistent with (and indeed lower than) those charged by firms with the requisite and comparable skill and ability.  *See* Perloff Affidavit at ¶¶ 5 & 12.  In addressing this matter, Alfasigma's counsel dealt not only with the Individual Defendants' initial (but unfulfilled) promise to comply with their obligations but also with the Individual Defendants' insistence that they could grant themselves a stay of discovery based on ultimately overruled legal arguments.

6. Once the issues were brought before the Court, Alfasigma prevailed on every issue raised in its motion.  Alfasigma is entitled to recover 100% of the fees it incurred in association therewith.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Alfasigma USA, Inc., respectfully request that the Court enter Judgment in favor of Plaintiff and against Defendant in the total amount of $8,728.00 ($8,128.00 for Norton Rose Fulbright US LLP's fees and $600.00 for Chaffe McCall, LLP's fees), as reasonable attorney's fees expended in connection with Plaintiff's successful motion to compel.

Dated: May 2, 2018

Respectfully submitted,

*s/Saul Perloff*
Saul Perloff (Tx. Bar # 00795128)
*Pro Hac Vice*
Katharyn A. Grant (Tx. Bar # 24050683)
*Pro Hac Vice*
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Telephone 210.224.5575
Email: saul.perloff@nortonrosefulbright.com
Email: katharyn.grant@nortonrosefulbright.com

AND

Robert S. Rooth, T.A. (La. Bar # 11454)
Peter J. Rotolo (La. Bar # 21848)
Loretta O. Hoskins (La. Bar # 30558)
Amy L. McIntire (La. Bar # 35241)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: 504.585.7000
Email: rooth@chaffe.com
Email: rotolo@chaffe.com
Email: hoskins@chaffe.com
Email: mcintire@chaffe.com

**ATTORNEYS FOR PLAINTIFF
ALFASIGMA USA, INC.**