# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFASIGMA USA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-07753** |
| **EBM, ET AL.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is **Plaintiff Alfasigma USA Inc.'s Motion for Attorney's Fees (R. Doc. 58).** The motion is opposed. R. Doc. 60. The motion was heard on the briefs.

## I. Factual Summary

This suit alleges, *inter alia*, misappropriation of trade secrets, breach of contract, and false advertising involving three types of medical foods specially formulated for patients, because the Defendants allegedly had direct access to the Plaintiff's confidential and proprietary trade secret information. R. Doc. 1. Alfasigma USA, Inc. ("Alfasigma") filed a motion to compel seeking responses to discovery, which was granted by the court on April 16, 2018. The Court also found that attorney's fees were warranted and directed the Plaintiff to file the subject motion in compliance with the order. Alfasigma now seeks the award of $8,128.00 (Norton Rose Fulbright US, LLP's attorney's fees) and $600 (Chaffe McCall's attorney fees) for a total of $8,728.00.

The Defendants oppose the motion noting that: (1) the amount sought as attorney's fees is excessive; (2) Alfasigma issued virtually the same discovery to other defendants making this discovery neither extraordinary nor extensive; and (3) the hourly rates are excessive and not based upon the New Orleans Market. They argue that the fee request is excessive and unreasonable. R. Doc. 60.

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting

point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. Analysis

### A. Reasonableness of the Hourly Rates

Plaintiff seeks to recover the attorney's fees for Saul Perloff, Katharyn Grant, Andre Timothy Hanson, Lauren Valkenaar of Norton Rose and Loretta Hoskins of Chaffe McCall as a result of work performed on one motion to compel. The rates billed to the client range from $375 to $765 from

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

January to February 2018 and $500 to $800 per hour from March to April 2018. R. Doc. 58-3. However, the rates requested by the Norton Rose attorneys range from $190 to $450 per hour.[2] *Id.* The total amount billed by the Norton Rose attorneys was $10,674.00, but they seek to recover $8,128.00 plus $600.00 for the Chaffe McCall attorney.

The Defendants contend that the rates charged by the Norton Rose attorneys exceed the rates available in the New Orleans Market. The defendants contend that rates for the New Orleans Market would have been generally been less than $300.00 per hour. Additionally, the defendants contend that the rate of the Chaffe McCall partner seeks only $200 per hour. Therefore, they contend a rate of $240.00 per hour is reasonable with regard to the years of the Norton Rose attorneys' experience.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous.*

---

[2] Perloff's request rate is $450 per hour. Grant's requested rate is $325 per hour. Hanson requested rate $325 per hour. Valkenaar's requested rate $190.00 per hour. R. Doc. 58-3, p. 7.

*Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Defendants have attached the firm's website profiles of their attorneys, including Saul Perloff of Norton Rose. R. Docs. 58-3, pp. 16-20. Perloff is a partner with 27 years of experience and is the head of the advertising practice of the firm who represents clients in advertising and unfair competition litigation under the Lanham Act and state law. He is a *cum laude* graduate of University of Pennsylvania Law School and licensed in California and Texas. *Id.* He seeks a rate of $450.00 per hour.

Dr. Katharyn Grant joined the San Antonio office of Norton Rose in 2005 after graduating from The University of Texas School of Law where she graduated with honors including being inducted into the Order of the Coif. Dr. Grant's practice focuses on pharmaceutical products, including claims of false advertising and unfair competition under the Lanham Act, trademarks, and copyrights. Before attending law school she was an officer in the U.S. Air Force and an engineer officer in the U.S. Public Health Service. R. Doc. 58-3, pp. 21-23. She seeks a rate of $325.00 per hour.

Andre Hanson is senior counsel in Norton Rose's Minneapolis office and focuses his practice on false advertising, products liability, and litigation. He has been practicing 23 years and graduated *magna cum laude* from the University of Minnesota Law School. R. Doc. 58-3, pp. 27-28. He seeks a rate of $325.00 per hour.

Lauren Valkenaar is a senior associate with Norton Rose and her practice focuses on complex

commercial litigation including litigation under the Lanham Act. She also defends against complex contractual, negligence, and breach of fiduciary duty claims. R. Doc. 58-3, pp. 27-28. She has five years of experience, is a graduate of St. Mary's School of Law, and is licensed in the state of Texas. *Id.* She seeks a rate of $190.00 per hour.

Loretta Hoskins is the local counsel on the defense team. She is a partner with Chaffe McCall, has been licensed to practice for 12 years, and her practice is focused on commercial litigation. She is a 2006 graduate of Loyola University College of Law where she graduated *cum laude*. Hoskins rate is $200.00.

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman*, 836 F.2d at 1299 (citing *Blum,* 465 U.S. at 896 n .11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, mere testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley,* 461 U.S. at 439 n. 15. Having considered the affidavit submitted by the mover, the Court finds that is not adequate because it does not speak to the rates actually billed and paid in similar lawsuits. However, this does not end the inquiry. The Court will proceed to look at the market rate for the New Orleans area given the years of experience of the billing attorneys.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail

contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Regarding the rate charged by Valkennar, given her five years of experience the Court finds that her rate of $190 is reasonable. *See Drs. Le and Mui, Family Med. v. St. Paul Travelers*, No. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J.) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience); *See also Creecy v. Metro. Prop. & Cas. Ins. Co.*, No. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (Awarding $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience).

The Court also observes that Dr. Grant and Ms. Hoskins have been practicing for substantially the same period; 13 and 12 years respectively. Hoskins actually charges in the New Orleans Market $200.00 per hour compared to Dr. Grant at $225.00 per hour. The Court, in considering the rate charged in this market for the years of experience, finds that the rate of $200.00 is reasonable for both Dr. Grant and Ms. Hoskins.

Additionally, Perloff and Hanson's years of experience are similar. Perloff has been practicing 27 years and Hanson some 23 years. Perloff's rate is $450 per hour and Hanson's rate is $325 per hour. *See Bd. of Supervisors of La. State Univ. v. Smack Apparel Co.,* No. 04–01593, 2009 WL

927996, at *4–5 (E.D. La. Apr. 2, 2009) ($325.00 per hour was a reasonable hourly rate for an attorney with ten years of specialized experience in trademark litigation, and for an attorney who had twenty-nine years of experience, but not in the particularized field of intellectual property law.); *See also Who Dat Yat Chat, LLC v. Who Dat. Inc.*, 838 F. Supp. 2d 516 (E.D. La. Jan. 19, 2012). Considering that Perloff and Hanson are specialists in the substantive area and further that there are no other cases on point in this market, the Court will accept their rates as reasonable.

## B. Determining the Reasonable Hours Expended

### 1. Blocked Billing

The fee application submitted by the Norton Rose lawyers contains some entries that are viewed as "block billing." This term can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 n.9 (10th Cir. 1998). "This practice can make it impossible for the court to determine the reasonableness of the hours spent on each task." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07-1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009); *See also Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, No. 09-3822, 2010 WL 2773208, at *8-*9 (E.D. La. July 13, 2010). While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Hensley*, 461 U.S. at 437, n.12. The method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See, e.g., Canon*, 2009 WL 35334, at *5 (citing cases).

The Court notes that attorney invoices contain evidence of block billing for Valkenaar and Hanson. Because these entries can be segregated, however, the Court finds that the appropriate

resolution is to decrease the total entries which block billing occurred by a percentage. In this case, the Court finds that a reduction of those "block billed" entries for all three attorneys by 30% is appropriate. *See, e.g.*, *Verizon Business Global LLC v. Hagan*, No. 07-0415, 2010 WL 5056021, at *5 (E.D. La. Oct. 22, 2010) (citing cases showing that reductions for block billing between 15% and 35% have been found reasonable), *vacated on other grounds*, 467 F. App'x 312, 2012 WL 1414448 (5th Cir. Apr. 24, 2012). The total number of blocked billed hours by Valkenaar equal 5.80[3] and Hoskins 0.70.[4] The reasonable hours for the entries by Valkenaar is 4.06 hours and Hoskins is 0.49 hours.

## 2. Duplicate Entries

The billing entries show that multiple attorneys were drafting and reviewing the discovery for the individual defendants. The entries are not clear regarding which lawyer was preparing the discovery for which defendant. Additionally, the entries show that Perloff travelled to New Orleans to argue the motion and local counsel, Hoskins, also accompanied him to the hearing. As a result, the entries appear to be duplicative.

Duplicate billing under a fee-shifting statute is not *per se* unreasonable, as long as the award for time spent by two or more attorneys "reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Thomas v. Frederick*, No. 87-1950, 1992 WL 17273, *1 (W.D. La. Jan. 29, 1992)(citing *Johnson v. University of University of Alabama*, 706 F.2d 1205, 1208 (11th Cir. 1983)).

---

[3] 3.60 hours-Review case documents; research on motion to compel; draft motion to compel responses from individual defendants. 2.20 hrs- Revise motion to compel and research case law concerning motion to stay impact on obligations to serve discovery.

[4] 0.70 hours-Review motion to compel and memorandum in support, opposition, and reply memorandum in order to prepare to attend hearing with Saul Perloff.

The district court has considerable discretion in this area because of its familiarity with the case and the attorney's work. *See Associated Builders & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990); *Berberena v. Coler*, 753 F.2d 629, 633 (7th Cir. 1985). A central factor in evaluating the necessity of multiple attorneys at court hearings or trials is the degree to which each attorney participated in or contributed to the proceedings. *West Virginia University Hosp., Inc. v. Casey*, 898 F.2d 357, 365 (3rd Cir. 1990).

After thoroughly examining the defendant's billing records, the Court finds that the following entries are unnecessarily duplicative.

| DATE | DUPLICATE TASKS | Valkenaar | Grant | Hanson | Perloff | Hoskins |
|---|---|---|---|---|---|---|
| 02/20/2018 02/18/2018 02/21/2018 | Review and revise draft motion to compel individual Defendants to provide discovery | 2.20 | .80 | | | |
| 03/06/2018 03/07/2018 | Revise Motion to Compel | .70 | .30 | | | |
| 03/15/2018 | Review Individual defendants response to plaintiff's motion to compel | | .10 | .30 | | |
| 03/23/2018 03/25/2018 03/23/2018 | Prepare initial draft reply in support of Alfasigma's Motion to Compel discovery from Individual Defendants. | | 4.3 | 3.50 | | |
| 3/28/2018 | Hearing on Alfasigma Motion to Compel | | | | 1.50 | 1.40 |
| 03/08/2018 | Review Motion to Compel | | | | .20 | .70 |
| **TOTAL** | | **2.90** | **5.5** | **3.8** | **1.70** | **2.10** |
| **Allowed time** | | **0** | **5.5** | **0** | **.40** | **0** |

Considering the duplicative work that was done on this one motion, the Court finds that

9

Grant's time of 5.5 hours is reasonable and will disallow time for Valkenaar and Hanson as duplicative. Additionally, the time for Perloff reviewing the motion is allowed as reasonable. The court however will also only allow 0.20 hours for Perloff for attending the hearing. According to the Court record, the hearing only took ten (10) minutes and Alfasigma was the first case on the Court's docket. Further, Hoskins's time for attending the hearing is disallowed as she did not say a word during the hearing.

### C. <u>Reasonable Attorney's Fees</u>

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court has reviewed the contemporaneous billing sheets and finds that the following entries are unreasonable as they are duplicative, block billed, vague, or unnecessary:

| Date | Grant | Perloff | Hoskins |
|---|---|---|---|
| 02/21/2018 | .10 | | |

| Date | Col1 | Col2 | Col3 |
|---|---|---|---|
| 03/06/2018 | .30 | | |
| 03/08/2018 | | .20 | |
| 03/26/2018 | 1.10 | | |
| 03/28/2018 | | | |
| 03/28/2018 | | | |
| 03/28/2018 | | .20 | |
| 03/28/2018 | | | |
| 03/28/2018 | | 2.10 | |
| 03/28/2018 | | | .20 |
| 03/28/2018 | | | .10 |
| 03/29/2018 | | | .30 |
| 04/3/2018 | | | .30 |
| 04/16/2018 | | | .30 |
| Total Hours | 1.5 hrs. | 7.2hrs. | 1.20hrs |
| Fee Summary | $300.00 | $2,542.00 | $ 240.00 |

Initially, the Court notes that the travel costs were billed out at full rate, which is improper. It is well settled that travel time is billed at ½ the hourly rate. *See Verizon Business Global LLC v. Hagen*, 2010 WL 5157193, at * 13 (E.D. La. 2010) ("Attorney travel time should be compensated at a lower rate than legal work. Courts in this Circuit typically compensate travel time at 50% of the attorney's rate in the absence of documentation that any legal work was accomplished during travel time.") (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993); *Jiminez v. Paw–Paw's Camper City, Inc*., 2002 WL 257691, at *23 (E.D. La. Feb. 22, 2002); *Paul v. CMC Mfg., Inc.*, 1998 WL 527102, at *2 (N.D. Miss. Aug.6, 1998)). Therefore, the hourly rate for Perloff's travel is $225.00 per hour. The reasonable fees for Perloff's travel is $720.00.

The Court also finds that the 0.70 hours billed by Hoskins are not reasonable. According to the entries, he spoke with and "helped Perloff" prepare for the hearing, which are vague entries and

11

are disallowed.

The remaining hours for Valkenaar that were reduced because of block billing are 4.06 times her hourly rate of $190.00 which equals $809.40 and Hoskins 0.49 hours at her hourly rate of $200 for a total of $98.00.

Regarding the reasonable hours and factoring in those hours which were duplicate billed, the Court finds that Grants's 5.50 hours are reasonable at a rate of $200.00 per hour for a total of $1,100.00 and Perloff's 0.40 hours at a rate of $425.00 per hour are reasonable for a total of $170. The total fee award is $5,979.40.

### D. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

In this case, the memorandum in support of the motion to compel is only four pages in length. There were six lawyers who worked on this one non-complex motion. While the Court went through the billing sheets, considering the ten minutes spent during oral argument, the simplistic nature of the motion, and the over staffing of the matter, the Court finds that a downward departure pursuant to *Johnson* is warranted and that a fee of $4,000.00 is reasonable.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Attorney's Fees (R. Doc. 17)** is **GRANTED**

and that the Plaintiff is awarded reasonable attorney's fees in the amount of **$4,000.00.**

**IT IS FURTHER ORDERED** that Defendants and their counsel shall satisfy their obligation to the Plaintiff **no later than twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 15th day of August 2018.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**